# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
CARL KONEN,                         *
                                    *    No. 18-174V
              Petitioner,           *    Special Master Christian J. Moran
                                    *
v.                                  *    Filed: February 3, 2021
                                    *
SECRETARY OF HEALTH                 *    Stipulation; influenza vaccine;
AND HUMAN SERVICES,                 *    chronic inflammatory demyelinating
                                    *    polyneuropathy ("CIDP")
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * *
```

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner;
Mollie D. Gorney, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On January 12, 2021, the parties filed a joint stipulation concerning the petition for compensation filed by Carl Konen on February 2, 2018. Petitioner alleged that the influenza ("flu") vaccine he received on September 26, 2016, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer vaccine-induced chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

1. **A lump sum payment of $304,168.16 in the form of a check payable to petitioner. This amount represents compensation for first year life care expenses, lost earnings, pain and suffering, and past unreimbursable expenses.**

2. **A lump sum payment of $1,296.97 in the form of a check payable jointly to petitioner and Summa Health System. This amount represents compensation for past unreimbursable expenses. Petitioner agrees to endorse this check to Summa Health System.**

3. **A lump sum payment of $9,236.65 in the form of a check payable jointly to petitioner and Accredo Health, Inc. This amount represents compensation for past unreimbursable expenses. Petitioner agrees to endorse this check to Accredo Health, Inc.**

**The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

4. **An amount sufficient to purchase the annuity contract described below and in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity contract will be purchased:**

    a. **For future unreimbursable Health Insurance Maximum out of pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,600.00 to be paid up to the anniversary of the date of judgment in year 2023, increasing at the rate of three percent (3%), compounded annually from the date of judgment.**

2

b. **For future unreimbursable Medigap C and Medicare Part D expenses, beginning on the first anniversary of the date of judgment in 2023, an annual amount of $4,021.75 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.**

c. **For future unreimbursable Podiatrist, Gym, and Tylenol expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,049.97 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.**

d. **For future unreimbursable Reacher, Raise Toilet Seat, Cane, Walker, Shower Chair, Handheld Showever, and Lifeline expenses, beginning on the first anniversary of the date of judgment, an annual amount of $434.18 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.**

e. **For future unreimbursable Scooter, Scooter Battery, Scooter Maintenance, Scooter Life, and Life Chair expenses, beginning on the first anniversary of the date of judgment, an annual amount of $744.28 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.**

f. **For future unreimbursable Home Health Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $13,000.00 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $15,600.00 to be paid up to the anniversary of the date of judgment in year 2038. Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $18,200.00, to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three**

3

    **percent (3%), compounded annually from the date of judgment.**

    g.  **For future unreimbursable Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,750.00 to be paid up to the anniversary of the date of judgment in year 2030, increasing at the rate of three percent (3%), compounded annually from the date of judgment.**

    h.  **For future unreimbursable Driving Evaluation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $130.00 to be paid up to the anniversary of the date of judgment in year 2036, increasing at the rate of three percent (3%), compounded annually from the date of judgment.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

                                                        s/Christian J. Moran
                                                        Christian J. Moran
                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.