# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
CARL KONEN,                       *
                                  *   No. 18-174V
           Petitioner,            *   Special Master Christian J. Moran
                                  *
v.                                *   Filed: January 11, 2022
                                  *
SECRETARY OF HEALTH               *   Attorneys' Fees and Costs
AND HUMAN SERVICES,               *
                                  *
           Respondent.            *
* * * * * * * * * * * * * * * * * * * * *
```

Mark T. Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Carl Konen's motion for final attorneys' fees and costs. He is awarded **$54,113.83**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On February 2, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine he received on September 26, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer from chronic inflammatory demyelinating polyneuropathy. Petitioner further alleged that he suffered the residual effects of this injury for more than six months. On January 12, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on February 3, 2021. 2021 WL 871210 (Fed. Cl. Spec. Mstr. Feb. 3, 2021).

On July 31, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $48,149.29 and attorneys' costs of $5,964.54 for a total request of $54,113.83. Fees App. at 1. On February 3, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on February 3, 2021, reiterating his belief that the requested fees and costs are reasonable.

\*     \*     \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel, Mr. Mark Sadaka: $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, and $422.00 per hour for work performed in 2020. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioner's counsel for his Vaccine Program work. See, e.g. Rose v. Sec'y of Health & Human Servs., No. 17-1770V, 2021 WL 3053035 (Fed. Cl. Spec. Mstr. Jun. 28, 2021). Accordingly, the requested hourly rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $48,149.29.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $5,964.54 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, work performed by petitioner's economist, Mr. Paul Gazaleh, and travel costs associated with visiting petitioner. The records, postage, and travel costs are all reasonable and supported with the proper documentation and shall be awarded in full. The costs for the economist require further discussion.

Petitioner requests a total of $3,800.00 for work performed by Mr. Paul Gazaleh, an economist. Mr. Gazaleh is a certified public accountant who maintains his own business, Gazaleh Consulting LLC, and his practice specializes in the calculation of economic damages. Mr. Gazaleh billed 10.56 hours at a rate of $360.00 per hour. Additional Documentation at 22 (ECF No. 72). The undersigned finds this rate to be reasonable. See Peters v. Sec'y of Health & Human Servs., No. 16-638V, 2021 WL 4269915, at *3 (Fed. Cl. Spec. Mstr. Aug. 20, 2021) (the undersigned finding reasonable a rate of $400.00 per hour for an economist with an MBA because it was within the range of rates that the court has previously round reasonable for an economic expert); see also Lewis v. Sec'y of Health & Human Servs., No. 14-1035V, 2018 WL 6650362 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (finding reasonable the rate of an economist who billed at $300.00 per hour); J.T. v. Sec'y of Health & Human Servs., No. 12-618V, 2018 WL 4623163, at *8 (Fed. Cl. Spec. Mstr. Apr. 20, 2018) (finding $525.00 per hour to be reasonable for petitioner's economist); Torday v. Sec'y of Health & Human Servs., No. 17-372V, 2011 WL 2680717, at *4 (Fed. Cl. Spec. Mstr. May 4, 2011) (noting a range of economist rates and awarding rates of $400.00 per hour and $450.00 per hour).

Accordingly, the undersigned shall fully reimburse petitioner for Mr. Gazaleh's work. Counsel is reminded, however, of the requirement of detailed expert billing. See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 71, available at www.uscfc.uscourts.gov/sites/default/files/Guidelines-4.24.2020.pdf ("The application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task."). In this case, counsel did not include sufficient documentation within his fees motion, necessitating additional judicial resources to file an order compelling counsel to supplement his motion with additional information.

Petitioner is therefore awarded final attorneys' costs of $5,964.54.

### E.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$54,113.83** (representing $48,149.29 in attorneys' fees and $5,964.54 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.